IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DALE E. BETTISWORTH, Personal Representative of the Estate of Cathy Jo Bettisworth, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, f/k/a Burlington Northern and Santa Fe Railway Company,<br><br>Defendant. | 8:17-CV-491<br><br>MEMORANDUM AND ORDER |

The plaintiff alleges a claim pursuant to the Federal Employers' Liability Act regarding the injury sustained by his wife, the deceased, in the course and scope of her employment with the defendant. Filing 1 at 1-2. The defendant moves for summary judgment on the single issue that the plaintiff is not the properly appointed personal representative for his late wife's estate. Filing 20. The Court will deny the defendant's motion without prejudice.

## I. STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

## II. BACKGROUND

The plaintiff's wife was employed by the defendant from 1979 to 2012 as a labor/hostler at the defendant's yard in Alliance, Nebraska. Filing 1 at 2. During this time, she was exposed to a wide range of toxic and carcinogenic

substances, including various solvents, diesel fuel, benzene, creosote, silica dust, and asbestos insulation. The plaintiff alleges that the cumulative effect of this exposure resulted in his wife developing lung cancer. The plaintiff alleges that as a direct result of the defendant's negligence, his wife experienced and endured pain, suffering, inconvenience, irritation, annoyance, and emotional distress. She also incurred medical expenses for the diagnosis and treatment of her cancer. The plaintiff's wife passed away on December 31, 2014. Filing 1 at 1-2.

On December 26, 2017, the plaintiff filed suit claiming to be the representative, or personal representative, of his late wife's estate. On August 28, 2018, the defendant served requests for admission on the plaintiff. Filing 14. Request number 40 asked the plaintiff to admit that Dale Bettisworth had not been appointed as the personal representative of his wife's estate at the time the action was commenced. Filing 22-2 at 9. The plaintiff admitted the request. The defendant argues that because the plaintiff admits he was not his wife's appointed personal representative at the time this action was filed, he does not have standing to bring this action, and accordingly, this matter should be dismissed. *See* filing 21.

### III. DISCUSSION

#### 1. STANDING

Standing concerns the justiciability of a claim. It is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing, at a minimum, involves three elements. First, the plaintiff must have suffered an injury in fact; second, there must be a causal connection between the injury and the conduct complained of; and third, it must be likely the injury will be redressed by a favorable decision. *Id.* at 560-61; *Friends of Boundary Waters Wilderness*

*v. Thomas*, 53 F.3d 881, 886 (8th Cir. 1995). Standing is a matter of jurisdiction and cannot be waived by the parties. *Friends of Boundary Waters Wilderness*, 53 F.3d at 886.

The defendant's motion does not allege that the plaintiff does not meet the elements necessary for standing. Instead, the defendant argues that the plaintiff is not a proper party, or does not have the capacity to sue on his late wife's behalf, because he is not the appointed personal representative for her estate. But, a party need not allege its capacity to sue, or authority to sue in a representative capacity except to show that the court has jurisdiction of the matter. Fed. R. Civ. P. 9(a)(1). Importantly, a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. Fed. R. Civ. P. 17(a)(3).

The Court will consider the defendant's motion for summary judgment on standing to actually constitute an objection that the plaintiff is not the real party in interest. In this regard, the Federal Employers' Liability Act provides that in cases of an employee's death resulting from the railroad's negligence, the railroad shall be liable to the employee's personal representative for the benefit of the surviving spouse. 45 U.S.C. § 51. The plaintiff's admission that he is not his late wife's personal representative is also an admission that he is not the real party in interest in this matter.

The Court, however, may not grant the relief the defendant requests. As noted, the Court may not dismiss the plaintiff's complaint until, after an objection and a reasonable time has been allowed for the real party to be substituted. Rule 17(a)(3). The defendant argues that this is not the first time plaintiff's counsel has failed to bring a FELA action in the name of the real party in interest. *See West v. Union Pac. R.R.*, No. 8:17-CV-36 (D. Neb. Sep. 12,

2017). But even so, Rule 17(a)(3) precludes dismissal until after an objection and a reasonable time for substitution has been allowed. The plaintiff requested that he be given 90 days from the date of this Court's order to obtain appointment as the Personal Representative for the Estate of Cathy Jo Bettisworth and thereafter seek leave to file an amended complaint. Plaintiff's request is reasonable and will be granted.

IT IS ORDERED:

1. The defendant's motion to dismiss (filing 20) is denied without prejudice.

2. The plaintiff is given until July 18, 2019 to obtain appointment as the Personal Representative of the Estate of Cathy Jo Bettisworth, and seek leave to file an amended complaint.

3. The Clerk of the Court shall set a case management deadline for July 18, 2019, with the following docket text: check for motion to amend complaint.

Dated this 19th day of April 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge