IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DALE E. BETTISWORTH, as the personal representative of the Estate of Cathy Jo Bettisworth, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br><br>Defendant. | 8:17CV491<br><br><br><br>**MEMORANDUM AND ORDER** |

On April 19, 2019, Senior District Judge John M. Gerrard gave plaintiff Dale E. Bettisworth "until July 18, 2019 to obtain appointment as the Personal Representative of the Estate of Cathy Jo Bettisworth, and seek leave to file an amended complaint." ([Filing No. 29](#)). On July 15, 2019, Plaintiff filed a Motion for Leave to File an Amended Complaint. ([Filing No. 30](#)). Plaintiff attached a document titled "Letters of Special Administration" issued by the Superior Court of the State of Arizona. ([Filing No. 30 at CM/ECF p. 4](#)). Plaintiff's proposed amended complaint also seeks to add allegations supporting a claim under the Locomotive Inspection Act.

1. Appointment as Personal Representative.

Defendant BNSF Railway Company (BNSF) argues that Bettisworth has been granted only limited authority to "litigate on behalf of decedent's estate;" his authority to release medical records of decedent, Cathy Jo Bettisworth, has not been substantiated. ([Filing No. 31 at CM/ECF p. 4](#)). BSNF argues that Plaintiff's "prior failure to properly be named as personal representative has already

frustrated discovery efforts" because BNSF has been unable to access decedent's medical records. (Filing No. 31 at CM/ECF p. 3-4) BNSF argues that the same "frustration of discovery" issue still exists because Bettisworth has not been explicitly granted authority to authorize access to Cathy's records. (Filing No. 31 at CM/ECF p. 4).

Bettisworth's Motion for Leave to file the amended complaint "as the Special Administrator of the Estate of Cathy Jo Bettisworth, deceased," will be granted. However, BNSF is not barred from reasserting its objections if it experiences difficulties obtaining decedent's medical records because Dale E. Bettisworth, as Special Administrator, lacks authority to authorize release of such records.

2. Allegations for recovery under the Locomotive Inspection Act.

BNSF also asserts that Bettisworth's request for leave to amend should be denied for undue delay. Specifically, it argues that Plaintiff seeks to not only amend his Complaint regarding his status as to decedent's estate, but also to state a Locomotive Inspection Act claim. (Filing No. 31 at CM/ECF p. 4).

As set forth in Filing No. 11, "The deadline for moving to amend pleadings or add parties is June 29, 2018." Fed. R. Civ. P. 15(a)(2) provides that once the time for pleading as a matter of course has expired, amendments to the pleadings are allowed only with the written consent of the opposing party or leave of the court. In general, courts are encouraged to allow amendments liberally. (See Shen v. Leo A Daly Co., 222 F.3d 472, 478 (8th Cir. 2000). However, the right to amend a complaint is not absolute, or without limits. See Sherman v. Winco Fireworks Inc., 532 F.3d 709 (8th Cir. 2008). The Eighth Circuit Court of Appeals has discussed the circumstances under which an amendment may be denied:

> A district court can refuse to grant leave to amend a pleading only where it will result in undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.

Dennis v. Dillard Dept. Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000) (internal citations omitted), quoting Foman v. Davis, 371 U.S. 178 (1962). See, also, Amrine v. Brooks, 522 F.3d 823 (8th Cir. 2008).

The decision on whether to allow a party to amend its complaint is left to the "sound discretion of the district court." Popoalii v. Correctional Medical Services, 512 F.3d 488 at 497 (8th Cir. 2008). "When late tendered amendments involve new theories of recovery and impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion" in denying a motion to amend. Id.

Plaintiff's proposed amended complaint includes three or more new paragraphs (particularly paragraphs 15 through 17) asserting facts and allegations as to a claim under the Locomotive Inspection Act. (Filing No. 30 at CM/ECF pp. 9-10). Plaintiff asserts that he "merely took the opportunity to bring this Complaint into conformity with other complaints" filed in this district with similar claims against Union Pacific Railroad. (Filing No. 32 at CM/ECF p. 4). He asserts the amendments add "nothing new to the action inasmuch as a derivative cause of action, sounding under the Locomotive Inspection Act, was pled in the original complaint," and that the addition was "done more as a service to the Defendant." Id.

Having compared the initial and proposed amended complaint, the court finds that the proposed new allegations for recovery under the Locomotive

Inspection Act would have been known and could have been included in the original complaint, and certainly any motion to amend could have been filed before the deadline for doing so had expired, There has been no showing of good cause for Bettisworth justifying leave to add the substantive allegations for recovery under the Locomotive Inspection Act after the deadline for doing so passed, Accordingly,

IT IS ORDERED:

Plaintiff's Motion to Amend is denied in part, and granted in part as follows:

1) To the extent Plaintiff's motion seeks to allege new paragraphs of allegations to bring a claim under the Locomotive Inspection Act, Bettisworth's motion to amend the complaint is denied.

2) To the extent Plaintiff's motion seeks to allege that Dale E. Bettisworth, is suing as a duly appointed "Special Administrator of the Estate of Cathy Jo Bettisworth, deceased," the motion is granted.

3) Plaintiff's proposed amended complaint shall be modified in accordance with this order and filed on or before August 20, 2019.

Dated this 16th day of August, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge