IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT OLSON, as personal representative of the Estate of CATHY JO BETTISWORTH, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, f/k/a, Burlington Northern and Santa Fe Railway Company,<br><br>Defendant. | 8:17-CV-491<br><br>MEMORANDUM AND ORDER |

The defendant, pursuant to Fed. R. Civ. P. 60(b),[1] seeks reconsideration of the Court's Memorandum and Order of April 27, 2021, (filing 136) denying the defendant's motion for partial summary judgment on its statute of limitations claim (filing 145). The defendant's motion will be denied.

Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances. *Williams v. York,* 891 F.3d 701, 706 (8th Cir. 2018). A district court has wide discretion in ruling on a Rule 60(b) motion. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008).

---

[1] The defendant also requests reconsideration pursuant to Fed. R. Civ. P. 54(b). Rule 54(b) pertains to judgments, which include decrees and orders *"from which an appeal lies." Huggins v. FedEx Ground Package System, Inc.*, 566 F.3d 771, 773 (8th Cir. 2009). Here, an appeal does not lie from the Court's April 27, 2021 Memorandum and Order. Instead, a motion for reconsideration—which is the nature and substance of the defendant's motion—is construed as a motion for relief from a judgment or order pursuant to Fed. R. Civ. P. 60(b). *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018).

Pursuant to Rule 60(b)(1), and as pertinent here, the Court may relieve the defendant from this Court's order for mistake, inadvertence, surprise, excusable neglect, or, pursuant to Rule 60(b)(6), for any other reason that justifies relief.

The defendant's motion takes issue with the Court's citation to one Seventh Circuit Court of Appeals decision but ignores the other decisions cited by the Court. Those decisions included a district court decision from this Circuit, as well as decisions from the Fifth, Ninth, and Tenth Circuit Courts of Appeals. *See* filing 136 at 3-4. The decisions this Court cited, considered together, stand for the proposition that actual knowledge of causation is not necessary to find that a cause of action has accrued, but that there is a legal distinction between a subjective suspicion that something may be a cause of a condition and the requisite objective knowledge of a causal connection that starts the accrual clock running. *Id.* The defendant doesn't allege or argue that the Court's view of the relevant law in this regard is mistaken.

The defendant's focus on one of several authorities that the Court relied on for a proposition of law that the defendant does not dispute warrants no relief from this Court's April 27, 2021 Memorandum and Order denying the defendant's motion for partial summary judgment.

Further, the evidence viewed in the light most favorable to the plaintiff does not support the defendant's argument that, as a matter of law, Cathy was subjectively aware that her workplace exposures to diesel exhaust might be related to her lung cancer. In summary, Dale, Cathy's husband, testified that both he and Cathy believed her lung cancer was caused by smoking, and it was only after seeing a television commercial after Cathy's death that Dale made a connection between Cathy's workplace exposures and her cancer. Filing 136 at 5. It is for a jury to decide whether Dale, now deceased, was credible.

The defendant has not alerted this Court to its mistake, or any inadvertence, surprise, or excusable neglect, and has failed to provide any other reason that justifies the relief requested. At best, the defendant's argument reflects disappointment with the Court's judgment, and nothing more. That's not enough. The defendant's burden required it to make an adequate showing of exceptional circumstances warranting this Court's issuance of the extraordinary relief allowed pursuant to Rule 60(b). The defendant's showing fell far short of what is required.

IT IS ORDERED that the defendant's motion for reconsideration (filing 145) of the Court's Memorandum and Order dated April 27, 2021 (filing 136) is denied.

Dated this 11th day of August, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge