IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT OLSON, as the Personal Representative of the Estate of Cathy Jo Bettisworth, | |
| Plaintiff, | 8:17-CV-491 |
| vs. | MEMORANDUM AND ORDER |
| BNSF RAILWAY COMPANY, formerly known as Burlington Northern and Santa Fe Railway Company, | |
| Defendant. | |

This matter is before the Court on the plaintiff's motion in limine (filing 155) seeking to exclude proffered expert opinion testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and the defendant's 26 omnibus-filed motions in limine (filing 158). The Court will deny the plaintiff's motion, and will grant, in part, and deny, in part, the defendant's motion as set forth in detail below.

<u>PLAINTIFF'S MOTION IN LIMINE</u>

The plaintiff's motion in limine actually concerns testimony by Mrs. Bettisworth's treating physicians, Drs. Arshad, Wagner, Ash-Mott, and Choudhri, regarding purported opinions concerning specific causation. Filing 155. The objections made to the deposition testimony for each treating physician will be ruled on in a separate order. Because these witnesses are being presented by deposition, the Court understands that these treating physicians will not be live trial witnesses. If the Court's understanding is

correct, then the plaintiff's motion in limine is moot. However, if these treating physicians testify in court, any opinions regarding specific causation must have proper and sufficient foundation, including sufficient knowledge of Mrs. Bettisworth's occupational history.

## BNSF'S MOTIONS IN LIMINE

The defendant presents 26 motions in limine. Filing 158. Most of the defendant's requests are unopposed. *See* filing 162. Accordingly, the defendant's motions #1-3, 5-8, 10-17, 20-21, and 24-25 will be granted, and the Court need only discuss the motions with which the plaintiff takes issue.

### *BNSF'S #4*

The defendant moves to preclude evidence that the railroad industry is generally or inherently unsafe. Filing 158 at 8. The plaintiff agrees not to elicit testimony that the railroad industry, as a whole, is dangerous but opposes any restriction to testimony showing that Mrs. Bettisworth's work environment was dangerous or unsafe. Filing 162 at 4.

The central issue under FELA is whether the railroad breached its duty to use reasonable care in furnishing its employees with a safe place to work. *See Atchison, Topeka & Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 558 (1987). The plaintiff is entitled to present evidence that Mrs. Bettisworth's workplace wasn't a safe place to work as framed by the claims presented.

Accordingly, the Court will grant the defendant's #4 with respect to testimony that the railroad industry as a whole is generally or inherently unsafe, but deny the motion with respect to evidence that Mrs. Bettisworth's workplace was unsafe insofar as BNSF negligently exposed her to harmful amounts of diesel, diesel fumes, diesel exhaust, or benzene. *See* filing 166 at 3.

*BNSF'S #9*

The defendant asks the Court to "preclude any reference to BNSF as "the railroad" Filing 158 at 17. The Court is unpersuaded that the use of the word "railroad" would bring to mind anything other than the common-sense description of BNSF as a business operating railroad trains on railroad tracks. The Court finds no merit to the assertion that calling a railroad "a railroad" is unfairly prejudicial.

The defendant also asks the Court to preclude the use of first names or nicknames for parties or witnesses, but acknowledges that some limited use of first names may be necessary. Filing 158 at 17. The plaintiff represents that he is prepared to respect the decorum of the Court and refer to the parties by their proper names, but that some limited exceptions should be tolerated. Filing 162 at 3-4. With so much common ground, there's no need to try and delimit this in advance—the Court will deny the defendant's #9 subject to objection at trial and trust counsel to conduct themselves appropriately, as their briefs indicate they will. If not, the Court is fully versed in controlling decorum in its courtroom.

*BNSF'S #18*

The defendant argues that the plaintiff should be precluded from arguing that BNSF should have used a safer locomotive design or provided better training on how to avoid exposure to diesel exhaust. Filing 158 at 34. The plaintiff concedes the defendant's motion with respect to a safer locomotive design. Filing 162 at 4. As such, the defendant's motion will be granted to that extent. The plaintiff disagrees, however, with the defendant's motion concerning better training on how to avoid diesel exhaust, and the Court agrees with the plaintiff.

The premise of the defendant's argument is that failure-to-train claims under FELA are precluded by the regulatory scheme of the Federal Railroad Safety Act, 49 U.S.C. § 20101 *et seq*. Filing 158 at 34-37. This Court has already rejected that premise. *See Madden v. Antonov*, 156 F. Supp. 3d 1011, 1018-22 (D. Neb. 2015). The Court declines to revisit its previous conclusion.

In its reply brief, the defendant contends that the plaintiff "cannot cite deposition testimony, evidence, or any information that Mrs. Bettisworth's training did not involve training regarding the dangers of diesel exhaust exposure." Filing 170 at 4. That contention is a little confusing, because this is a motion in limine seeking to preclude the admission of evidence that BNSF also seems to contend doesn't exist. And whether any *argument* the plaintiff might offer is supported by the evidence adduced at trial is a determination the Court can't make until the evidence is complete.

Accordingly, the defendant's #18 will be granted in part and denied in part. The plaintiff will not adduce evidence or argument with respect to locomotive design, but may adduce evidence—to the extent it exists—with respect to Mrs. Bettisworth's training regarding exposure to diesel exhaust.

### *BNSF'S #19*

The defendant argues that the plaintiff should be precluded from arguing that operating locomotives long hood or long nose forward is negligent. Filing 158 at 38. The Court understands that the plaintiff does not disagree with the defendant's argument regarding the operation of a locomotive. *See* filing 162 at 7-9. However, the plaintiff does want to argue that BNSF was negligent in failing to warn Mrs. Bettisworth that operating a locomotive long nose forward allowed more diesel exhaust into the cab. Filing 162 at 9.

The defendant contends that the plaintiff's argument is a distinction without a difference. Filing 170 at 6. The Court disagrees and sees a clear

- 4 -

difference. Asking employees to undertake activity that involves some risk, but properly warning them about the risk and training them to mitigate it, is what reasonable employers are expected to do. In fact, that happens all the time when there's inherently dangerous work to be done. Accordingly, the Court will grant the defendant's #19, regarding negligence in the operation of a locomotive. The Court will deny the defendant's #19 as to the plaintiff's failure-to-warn theory.

### *BNSF'S #22*

The defendant seeks to preclude admission of any documents not produced during discovery. Filing 158 at 44. The defendant has now withdrawn this motion after having had the opportunity to review the plaintiff's filed exhibit list. Filing 174.

### *BNSF'S #23*

The defendant asks the Court to preclude testimony from fact witnesses about their personal exposures to diesel fuel, diesel fumes, diesel exhaust and benzene, unless Mrs. Bettisworth was present at the time. Filing 158 at 46. The defendant argues that such evidence is irrelevant unless she was present at the time such exposures occurred. Filing 158 at 46.

The Court understands that the only fact witnesses who may testify about Mrs. Bettisworth's personal exposures are Dale Bettisworth, now deceased, and Maria Buckles. Deposition testimony has been designated for both witnesses, and the Court will rule on the parties' objections to such testimony in a separate order.

If, however, the Court's understanding is incorrect, testimony from Mrs. Bettisworth's coworkers regarding her personal exposures is not categorically irrelevant. Whether the testimony is relevant, however, depends on whether

the witnesses observed workplace conditions that Mrs. Bettisworth would likely have encountered as well. That depends on, for instance, where and when their observations were made. The Court will deny the defendant's motion without prejudice to a timely objection at trial to the relevance of particular proffered testimony.

*BNSF'S #26*

Finally, the defendant wants the Court to exclude Dr. Perez from testifying that industrial hygiene testing performed by BNSF was "in any way deficient, unreliable, or otherwise inaccurate." Filing 158 at 51. The Court understands that Dr. Perez' testimony will be presented by deposition. The Court will rule on specific objections to such testimony in a separate order. The defendant's motion in limine regarding Dr. Perez is moot.

IT IS ORDERED:

1. The plaintiff's motion in limine (filing 155) is denied.

2. BNSF's motions in limine (filing 158) are granted in part and denied in part as set forth above.

Dated this 24th day of August, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge