IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SCOTT OLSON, as the Personal
Representative of the Estate of Cathy
Jo Bettisworth,

                    Plaintiff,                                    8:17-CV-491

vs.

                                                          MEMORANDUM AND ORDER

BNSF RAILWAY COMPANY,
formerly known as Burlington
Northern and Santa Fe Railway
Company,

                    Defendant.

This matter is before the Court on the parties' objections to designated deposition testimony of Dr. Hernando Perez, which was provided to the Court late in the afternoon of August 27.


Plaintiff's Objections

        68:17-18          Sustained.
        69:24-72:10       Sustained.


Whether an expert's opinion testimony is admissible, under the Rules of Evidence, is obviously a question for the Court. *See* Fed. R. Evid. 702. And the Court has answered that question. Filing 111. Other rulings regarding Perez' testimony might have been relevant authority for the Court in making that determination, but an attempt to present the jury with the ruling of other courts, in other cases, is an attempt to circumvent this Court's ruling in this case. *See Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*, 933 F. Supp. 2d

1111, 1152 (N.D. Iowa 2013). Those legal determinations are not relevant to Dr. Perez' credibility, absent any indication that he engaged in deliberately deceptive or unethical conduct—to the extent that BNSF is instead suggesting that Dr. Perez is a poor scientist, the way to demonstrate that is to vigorously examine his opinions "*in this case*, based on his reasoning, methodology, and the facts and assumptions on which he relied *in this case*." *Id*.[1]

<u>Defendant's Objections</u>

| | |
|---|---|
| 14:8-17:14 | Overruled. |
| 30:4-11 | Overruled. |
| 18:18-19 | Sustained. |
| 25:21-27:18 | Overruled |
| 28:3-22 | Overruled. |
| 34:9-15 | Overruled |
| 37:22-38:17 | Overruled. |
| 35:16-37:14 | Overruled. |
| 54:15-55:10 | Overruled. |
| 38:18-39:11 | Overruled except as to the phrase "and is completely consistent with the railroad's documentation" at 38:23-24. |

---

[1] Furthermore, were BNSF entitled to present evidence of cases in which Dr. Perez' opinions were excluded, the plaintiff would surely be entitled to present evidence of other cases in which his opinions were admitted, up to and including this case—and that would inevitably derail *this* case into a "mini-trial" over the issues in all those other cases. *See id*. That's precisely the sort of confusion, misleading, undue delay, and wasted time that Fed. R. Evid. 403 permits the Court to preclude.

| 41:8-42:11 | Overruled except as to the phrases "the evidence is documented in the railroad's documentation" and "the BNSF documents" at 41:11-12 and 41:14. |
| 44:23-46:20 | Overruled as to 44:23-45:4, sustained as to 45:5-46:20. |
| 56:8-58:3 | Overruled as to 56:8-16, ending with the word "yes." Sustained as to 56:16-58:3, beginning after the word "yes." |
| 59:7-22 | Overruled. |
| 60:3-21 | Sustained. |

BNSF argues that its duty to its employees is defined by FELA, not OSHA, and cites authority for the proposition that violation of an OSHA regulation is not negligence per se under FELA. *Ries v. Nat'l R.R. Passenger Corp.*, 960 F.2d 1156, 1162 (3d Cir. 1992). Perhaps so. *See id*.; *but see Pratico v. Portland Terminal Co.*, 783 F.2d 255 (1st Cir.1985). But courts have held that evidence of a defendant's violation of OSHA regulations may be admissible in a FELA case as evidence of negligence. *See Ries,* 960 F.2d at 1164; *see also Robertson v. Burlington N. R. Co.*, 32 F.3d 408, 410 (9th Cir. 1994); *Albrecht v. Baltimore & Ohio R. Co.*, 808 F.2d 329, 332 (4th Cir. 1987).

That said, however, those cases are distinguishable based on the substance of the proffered testimony. Perez did not speak to a specific OSHA regulation, which established a specific standard for workplace safety. Rather, he opined as to the OSHA "general duty clause," which simply provides that "Each employer . . . shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 U.S.C. § 654(a)(1). That, the Court finds, is meaningfully different from

evidence of safety regulations that, for instance, specifically defined the specifications for fixed industrial stairs, *see Ries*, 960 F.2d at 1157-58; or set noise standards, *see Robertson*, 32 F.3d at 409. The Court agrees with BNSF that Perez' proffered testimony here—that BNSF purportedly breached a general duty under OSHA to provide a safe workplace—carries little relevance and would unduly confuse the issues in this non-OSHA case.

| | |
|---|---|
| 60:22-61:3 | Overruled. |
| 61:3-66:21 | Overruled. |

BNSF objects that Dr. Perez' testimony about the Vermeulen article regarding the excess risk of lung cancer resulting from exposure to elemental carbon "is outside the opinions of his discovery deposition." Not so. At his discovery deposition, when asked whether he would be "giving opinions in this case with regard to how much exposure to diesel exhaust is necessary for one to develop lung cancer," Perez replied that he was presenting "the Vermeulen data" which he described in essentially the same terms. Filing 85-2 at 18. And he described the same in his expert report. Filing 106-2 at 7 & 14 n.3. Not only is the proffered testimony not beyond the scope of the discovery deposition; it's found there and in the expert report almost word-for-word.

IT IS ORDERED:

1.    The parties' objections are sustained and overruled as noted above.

2.    Where objections were sustained, that testimony shall be stricken.

Dated this 29th day of August, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge